IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Magistrate No. 22-1532 |
| | ) | |
| HARRY E. DUNCAN | ) | |
| | ) | |

**AFFIDAVIT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS
IN SUPPORT OF CRIMINAL COMPLAINT**

Matthew Bloom, being duly sworn, deposes and states that he is a HIDTA (High Intensity Drug Trafficking Area) Task Force Officer with the Federal Bureau of Investigation, and further states as follows:

**I.      INTRODUCTION AND BACKGROUND OF TASK FORCE OFFICER**

1.      This Affidavit is made for the limited purpose of establishing probable cause in support of a Criminal Complaint that on or about November 18, 2022, in the Western District of Pennsylvania, **HARRY E. DUNCAN ("DUNCAN")**, a black male with date of birth 09/19/1989, did:

   a.      knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of cocaine base, a quantity of fentanyl, and a quantity of cocaine, all of which are Schedule II controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and

   b.      knowingly possess, in and affecting interstate commerce, a firearm and ammunition after having been previously convicted of a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C. § 922(g)(1).

2.      I am a HIDTA Task Force Officer as enumerated under Title 21 and partnered with the Federal Bureau of Investigation (FBI) and have been so designated since January 2022. In that

capacity, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

3. I am also employed by the Allegheny County Police Department, and I am currently assigned to the Narcotics, Vice, and Intelligence Unit. I have a total of 11 years of law enforcement experience within this Commonwealth. Being a law enforcement officer of the Commonwealth of Pennsylvania within the meaning of Section 5702 of the Pennsylvania Crimes Code, and as such, am empowered to make arrests for criminal offenses enumerated therein.

4. I have been employed with the Allegheny County Police since 2018 and have been worked as a Detective since 2020. During that time as a Detective, I have completed and participated in numerous investigations involving narcotics trafficking and weapons violations. Prior to working with Allegheny County Police, I was a sworn Federal Police Officer with the Department of Veterans Affairs from 2007 to 2013.

5. I have personally participated in some of the investigation described herein. In addition, I have reviewed information obtained from law enforcement and commercial databases, and I have discussed this case with, and reviewed the reports of, other law enforcement officers who have been involved in this investigation or who have investigated the subjects of this investigation and their associates in the past.

6. Because this Affidavit is being submitted for the limited and specific purpose of establishing probable cause to support a Criminal Complaint, I have not included every fact known to law enforcement concerning this investigation. I have not, however, omitted any facts that would tend to defeat a finding of probable cause.

**II.    PROBABLE CAUSE**

7. On November 18, 2022, at approximately 0604 hours, law enforcement agents (myself included) from the Allegheny County Police Drug Task Force and Penn Hills Police Department executed a sealed search warrant that was issued on November 16, 2022, by Allegheny County Common Pleas Court Judge Bigley for the residence located at 1622 Loretta Drive, Pittsburgh, Pa 15235 ("the Loretta Drive residence"). Also named and identified in the search warrant was DUNCAN's person and a dark in color BMW X5 4-door SUV bearing registration plate LGZ3249. The search warrants authorized detectives to search for, and to seize, inter alia, suspected controlled substances, suspected drug paraphernalia, U.S. currency, cellular telephones, and firearms and ammunition.

8. The search warrant for the Loretta Drive residence was obtained as part of a narcotics trafficking investigation, which took place during the months of September, October, and November of 2022.

9. At approximately 0604 hours, detectives began to knock and announce their presence and intentions on the front door to the Loretta Drive residence as well as utilizing lights and sirens from an unmarked police vehicle. Detectives observed movement in the rear of the residence and simultaneous entry was made into the rear and front of the residence. While clearing the structure and securing it for the subsequent search, Detectives encountered a female who was later identified as Taylor Matthews (believed to be DUNCAN's paramour), two juvenile children under the age of two (2), and DUNCAN. Detectives located DUNCAN in the basement area of the Loretta Drive residence, which appeared to be set up as a living area, as Detectives observed there to be a couch, bed, and entertainment area in this section of the Loretta Drive residence.

10. Detectives proceeded to detain DUNCAN with handcuffs and placed him in a secure area of the home. Taylor Matthews, along with the two juvenile children were secured in an area within the home as well. A security sweep was completed, and the house was deemed secure. At this time, I completed an initial walk through of the residence with my Axon body worn camera activated.

11. After the house was secure and the walk through was complete, Detectives began to execute the search warrant and systematically search the residence, to include the 2021 BMW X5 bearing PA registration LGZ3249, that was located in the attached integral garage.

12. In the basement living area where Detectives located DUNCAN, Detectives located and seized the following:

    a. Indicia of residency in DUNCAN's name; that is, a Peoples Natural Gas invoice addressed to DUNCAN at 1622 Loretta Drive, Pittsburgh, Pa 15235.

    b. A Ruger Model AR 556, 5.56mm caliber semi-automatic rifle, with magazine and 30 rounds of ammunition. Detectives queried the serial number on this rifle, which returned no record found. I have consulted with an expert from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, through which I believe that this firearm was not manufactured in the Commonwealth of Pennsylvania and moved in or affected interstate commerce.

    c. One Winchester Model 1300 defender 12-gauge, pump action shotgun with no ammunition.

    d. Forty-one (41) rounds of 12-gauge ammunition with bandolier.

    e. Thirty-eight (38) rounds of .45 auto ammunition

    f. One hundred forty-four total rounds of 9mm ammunition.

    g. Fifty rounds of .40 S&W ammunition

    h. Three hundred thirty-seven rounds of 5.56 cal. ammunition with metal ammunition container.

    i. Three thousand, two hundred and forty-two dollars in U.S. currency ($3,000 of which was located in a basement dresser along with men's clothing, $60 found in a basement nightstand, and $182 on the upstairs living room entertainment center).

    j. One green leather Coach backpack containing thousands of empty, unused small plastic Ziploc bags which were found in the garage (adjacent to basement living area). Based on my training and experience, I know that individual dosage units of heroin and/or fentanyl are commonly packaged in bags that are commonly referred to as "stamp bags." I am further aware that the seized Ziploc bags are commonly used to then seal individual "stamp bags." I believe that the items described above are commonly used by narcotics dealers to package individual dosage units of heroin and/or fentanyl for resale. I do not believe these items to be "user" paraphernalia, as they appeared unused.

    k. Two digital scales, black in color with white residue on the scale and one tan in color scale without residue. Based on my training and experience, I believe that these items are commonly used by narcotics dealers in the packaging of controlled substances for distribution.

    l. One empty black Smith and Wesson 9mm magazine.

    m. One open box of sandwich bags and 44 empty blank, unused stamp bags.

    n. One Ziplock bag containing (4) knotted sandwich baggies containing approximately 13.66 gross grams of suspected fentanyl. Based on my training and experience and my knowledge of this investigation, I believe this quantity to be consistent with distribution, not personal use.

  o. One Ziplock bag containing approximately 5.62 gross grams of suspected marijuana;

  p. Twenty-one (21) rubber banded "bricks" of suspected heroin/fentanyl marked "Out of Stock" in black ink with "RX 360" logo in red ink and an additional two loose (2) "bundles" of the same identified suspected heroin/fentanyl. Based on my training and experience and my knowledge of this investigation, I believe this quantity to be consistent with distribution, not personal use.

  q. One Ziplock bag containing one knotted sandwich baggie containing approximately 19.85 gross grams of suspected crack cocaine. Based on my training and experience and my knowledge of this investigation, I believe this quantity to be consistent with distribution, not personal use.

  r. One Ziplock bag containing one knotted sandwich baggie containing approximately 14.9 gross grams of suspected powder cocaine. Based on my training and experience and my knowledge of this investigation, I believe this quantity to be consistent with distribution, not personal use.

  s. A total of eleven (11) cell phones, 7 of which did not contain SIMM cards (1 iPhone, 6 Samsung). Based on my training and experience, I am aware that cell phones are a "tool of the trade" of drug dealers, and that drug dealers commonly possess multiple cell phones.

13. A search of the BMW X5 was completed, which yielded negative results.

14. Detectives also recovered multiple pieces of indicia for DUNCAN inside the Loretta Drive residence. In the living area of the basement where Duncan was encountered by Detectives, was a Peoples Natural Gas invoice, addressed to Duncan at 1622 Loretta Drive, Pittsburgh, Pa 15235.

15. Prior to the commencement of the search, Detectives advised DUNCAN that they were present to execute a search warrant and in response, DUNCAN expressed that it was his house and that he was the only person who lived there.

16. The above-described suspected narcotics were field tested by Special Agent Daniel Gramc using a TruNarc and NIK kits, which returned positive result for fentanyl and cocaine.

17. No user paraphernalia were located, such as hypodermic needles, crack pipes, snorting straws, chore boy steel wool, etc. Both DUNCAN and Matthews were found to be in good health and did not show or appear to exhibit symptoms of a person that abuses illicit substances.

18. Based upon my training and experience and the foregoing facts, I believe probable cause exists that on or about November 18, 2022, in the Western District of Pennsylvania, DUNCAN did knowingly, intentionally, and unlawfully possess a quantity of cocaine base, a quantity of fentanyl, and a quantity of cocaine, all of which are Schedule II controlled substances, intending to distribute them.

19. Moreover, I believe that DUNCAN unlawfully possessed a Ruger AR-15 5.56 semi-automatic rifle, after being convicted of a felony offense that prohibits his possession of the same. That is, I am aware that on or about April 12, 2010, DUNCAN was convicted in the Court of Common Pleas of Allegheny County, Pennsylvania, of the crime of robbery, a felony 3, for which he was sentenced to serve 3-23 months' incarceration.

### III. CONCLUSION

20. Based upon my training and experience and the foregoing facts, I believe probable cause exists that on or about November 18, 2022, in the Western District of Pennsylvania, DUNCAN violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 922(g)(1)

The above information is true and correct to the best of my knowledge, information, and belief.

/s/ Matthew Bloom
MATTHEW BLOOM
Task Force Officer
Federal Bureau of Investigation

Sworn and subscribed before me, by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A), this 18th day of November 2022.

HONORABLE CYNTHIA REED EDDY
United States Magistrate Judge
Western District of Pennsylvania